**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMBRICA WASHINGTON,<br><br>      Plaintiff,<br><br>    v.<br><br>PRIME LENDING, A PLAINSCAPITAL COMPANY,<br><br>      Defendant. | Civil Action No. 25-2091 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendant Prime Lending, a PlainsCapital Company's ("Defendant") Motion to Dismiss (ECF No. 8) Plaintiff Shambrica Washington's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 11), and Defendant replied (ECF Nos. 12, 13).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

**I. BACKGROUND**[2]

  **A. Factual Background**

  Plaintiff and Jean Damus obtained a mortgage from Defendant on a property in Texas in 2021. (Compl. 2, ECF No. 1.) Plaintiff subsequently began exploring mortgage assistance options.

---

[1] Defendant filed a reply brief (ECF No. 12) and an amended reply brief (ECF No. 13) on June 9, 2025. The Court considers Defendant's amended reply brief for purposes of this Memorandum Opinion.

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

(*Id.*) Plaintiff was approved for a mortgage assistance program, but the approval was ultimately rescinded. (*Id.* at 2-3.) In September of 2024, Plaintiff called Defendant and asked questions about her mortgage and the mortgage assistance program. (*Id.* at 3.) After the call, Plaintiff "initiated another mortgage assistance application." (*Id.*) Two months later, Plaintiff received correspondence from Defendant stating that it reviewed her mortgage assistance application and that she had been approved for a Veterans Affairs ("VA") "servicing modification." (*Id.*) The correspondence explained that her loan would be modified if she met the terms of the offer. (*Id.* at 4.) Plaintiff contacted the VA who informed her that the new servicer "had no affiliation with the VA." (*Id.*) During that call, she was informed that the servicing of her loan had been transferred. (*Id.*) Plaintiff, thereafter, received correspondence with a "notice of servicing transfer." (*Id.* at 5.) Plaintiff contacted Defendant and inquired as to how her loan had been modified without her signature, to which the customer service representative responded by informing her that "they did[ not] need her to sign any documentation for a loan to be transferred to another loan servicer." (*Id.*)

      **B.**      **Procedural Background**

Plaintiff filed her Complaint, *pro se*, on March 25, 2025. (*See generally id.*) The Complaint includes eight causes of action: (1) intrinsic fraud; (2) fraud; (3) negligently supplying falsified information; (4) willful negligence; (5) violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"); (6) violation of Plaintiff's Fifth Amendment property rights; (7) violation of the Truth in Lending Act ("TILA"); and (8) intentional infliction of emotional distress. (*Id.* at 6-9.)

On May 8, 2025, Defendant filed the instant Motion to Dismiss. (Def.'s Mot. to Dismiss, ECF No. 8.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 11), and Defendant replied (Def.'s Reply Br., ECF No. 13).

## II.     LEGAL STANDARD

### A.     12(b)(1)

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *Mack v. Six Flags Great Adventure, LLC*, No. 23-3813, 2024 WL 69879, at *2 (D.N.J. Jan. 5, 2024). To satisfy the jurisdictional requirements of federal question jurisdiction, a plaintiff must assert a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To satisfy the jurisdictional requirements of diversity jurisdiction, no plaintiff can be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). For purposes of diversity jurisdiction, "a corporation . . . [is] a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Under Federal Rule of Civil Procedure[3] 12(b)(1), a defendant may move to dismiss a matter for lack of subject matter jurisdiction. *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 298 (E.D. Pa. 2019). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

well-settled that the plaintiff bears the burden of establishing subject[-]matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court, under a facial attack, "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject[-]matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

In matters where a plaintiff proceeds *pro se*, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

B.  12(b)(2)

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.* (citation omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 414 n.9 (1984)). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the

5

corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler*, 571 U.S. at 137). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "aris[es] out of or relate[s] to the defendant's contacts with the forum"; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (alterations in original) (citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citations omitted). Still, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of [personal] jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (Scirica, J., concurring) (first and second alteration in original) (internal citation and quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). If the plaintiff meets this burden, the burden shifts to the defendant, who must make a

compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226 (citations omitted).

### III. **DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on three grounds: (1) the Court does not have subject matter jurisdiction; (2) Defendant is not subject to personal jurisdiction in the State of New Jersey; and (3) Plaintiff fails to state a claim for relief.[4] (Def.'s Moving Br. 10-18, ECF No. 8-4.)

#### A. Subject Matter Jurisdiction—Diversity

First, Defendant argues that both Plaintiff and Defendant are citizens of Texas, and therefore there is no diversity of citizenship. (Def.'s Mov. Br. 10; Def.'s Reply Br. 1-2, ECF No. 13.) At the outset, the Court notes that there is no dispute among the parties that: (1) Plaintiff satisfies the amount in controversy requirement; (2) Plaintiff is a citizen of Texas; and (3) Defendant levies a factual attack to the Court's jurisdiction. (*See generally* Def.'s Moving Br.; *see also* Compl. 1.) Squarely at issue here, in terms of diversity jurisdiction, is whether Defendant is a citizen of Texas, or, as Plaintiff asserts, New Jersey, thus creating complete diversity of citizenship allowing this Court to properly exercise diversity jurisdiction. *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship, i.e., all plaintiffs are diverse from all defendants).

Plaintiff contends that there is diversity of citizenship because Defendant is: "a corporation in New Jersey, who also has an office in Texas and operates in the State of Texas as well as other states"; "incorporated in the state of New Jersey"; and a corporation with its "principal place of

---

[4] Because the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to reach Defendant's arguments regarding Plaintiff's alleged failure to state a claim. *See Boswell v. Cable Servs. Co., Inc.*, No. 16-4498, 2017 WL 2815077, at *1 (D.N.J. June 29, 2017) (declining to reach Defendant's failure to state a claim argument after finding a lack of personal jurisdiction).

business in New Jersey." (Pl.'s Opp'n Br. 1, 5.) In her Complaint, Plaintiff alleges that this Court has jurisdiction because Defendant "practices business and corporate office [sic] is in the state of New Jersey." (Compl. 2.) In support of this allegation, Plaintiff submits correspondence dated November 13, 2024, bearing Defendant's letterhead, and listing an address in Ewing, New Jersey (Attach. A to Pl.'s Opp'n Br. 1, 3), as well as two documents relating to Defendant's branch located in East Brunswick, New Jersey (Attach. B to Pl.'s Opp'n Br; Attach. C to Pl.'s Resp. Br). Defendant contends that this correspondence was sent by a servicing provider, "CENLAR," located in Ewing, New Jersey, and operating in the name of Defendant, and attaches correspondence dated January 10, 2022, informing Plaintiff of that fact. (Ex. B to Doyen Aff. 2, ECF No. 12-1.)

Defendant submits two affidavits from Senior Vice President for Servicing attesting that Defendant is a Texas Corporation with its primary place of business located in Dallas, Texas, and that it is a wholly owned subsidiary of PlainsCapital Bank, which is also headquartered in Dallas, Texas; and that Defendant has "one small branch located in East Brunswick, New Jersey." (Doyen Aff. 1 ¶¶ 1, 4-5, ECF. No. 8-1; Doyen Aff. 2.)

To establish the citizenship of a corporation, the Third Circuit "require[s] complaints to include allegations of both the place of incorporation and the principal place of business of the corporate parties." *Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 84 n.1 (3d Cir. 1972) (citing *Guerrino v. Ohio Cas. Ins. Co.*, 423 F.2d 419, 421 (3d Cir. 1970)). Here, Plaintiff makes no direct allegations as to the place where Defendant is incorporated in her Complaint. (*See generally* Compl.) The Court however, construes Plaintiff's *pro se* Complaint liberally and assumes this is what Plaintiff meant by "practices business and corporate office [sic] is in the state of New Jersey." (*Id.* at 2.) Because this is a factual attack by Defendant on this Court's jurisdiction, the Court also

considers the attachments submitted by both parties and finds that Defendant is both incorporated in and has its principal place of business in Texas. The parties, therefore, are both citizens of Texas and the Court thus lacks diversity jurisdiction.

### B. Subject Matter Jurisdiction—Federal Question

Defendant also argues that the Court does not have federal question jurisdiction because: (1) there is no private cause of action under Dodd-Frank; (2) it is not a state actor for the purposes of a cause of action predicated on the Fifth Amendment; and (3) the Truth in Lending Act regulates pre-closing disclosures and Plaintiff's allegations all relate to matters that took place years after closing. (Def.'s Mov. Br. 10-13.) First, this Court has recognized on many occasions that the Dodd-Frank Act does not create a private right of action against lenders outside of very narrow situations. *See, e.g.*, *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 6647932, at *6 (D.N.J. Nov. 8, 2016) ("[A]s a general rule, 'the Dodd-Frank Act does not provide for a private right of action by borrowers against lending institutions.'" (quoting *Angino v. Wells Fargo Bank, N. Am.*, No. 15-418, 2016 WL 787652, at *9 (M.D. Pa. Feb. 19, 2016))); *Diena v. Certified Credit & Collection Bureau, Inc.*, No. 14-769, 2015 WL 570247, at *2 (D.N.J. Feb. 11, 2015) ("Plaintiff offers no statutory basis for the existence of a private right of action under the Dodd-Frank Act . . . ."). This case does not represent such a narrow situation. Plaintiff, therefore, cannot, as a matter of law, state a claim for relief against Defendant for violations of the Dodd-Frank Act. The Dodd-Frank Act, accordingly, does not provide a basis for federal question jurisdiction here.

Turning now to Plaintiff's invocation of the Fifth Amendment, it is clearly established that "[t]he limitations of the [F]ifth [A]mendment restrict only federal government[] action and not the actions of private entities." *J.H. Grp., LLC. v. Royal Rolling Chairs, LLC.*, No. 11-1595, 2012 WL 1044498, at *6 (D.N.J. Mar. 28, 2012) (quoting *Nguyen v. U.S. Catholic Conf.*, 719 F.2d 52, 54

(3d Cir.1983)); *Franklin Armory, Inc. v. New Jersey*, No. 19-19323, 2021 WL 222808, at *10 n.11 (D.N.J. Jan. 22, 2021) (dismissing plaintiff's Fifth Amendment claim because "the Fifth Amendment only applies to the Federal government"). The Fifth Amendment, accordingly, does not provide a basis for federal question jurisdiction here.

Plaintiff's remaining basis for federal question jurisdiction is the TILA. The "TILA is a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from creditors." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 303 (3d Cir. 2005). This Court thus has federal question jurisdiction to hear Plaintiff's TILA claim pursuant to 28 U.S.C. § 1331.[5]

C. **Personal Jurisdiction**

Because Defendant argues that the Court lacks personal jurisdiction over it, however, the Court next addresses whether it has personal jurisdiction over Defendant to adjudicate Plaintiff's claims. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have the . . . power over the parties before it (personal jurisdiction) before it can resolve a case."). The Court considers whether Plaintiff has met her burden to establish general personal jurisdiction over Defendant. As discussed above, Defendant is a corporation both incorporated in, and with its principal place of business, in Texas. (Doyen Aff. 1 ¶¶ 1, 4-5; Doyen Aff. 2.) As such, it is "at home" in Texas and subject to general personal jurisdiction in the federal courts in Texas. *See Daimler AG*, 571 U.S. at 137 (holding, in the context of discussing the paradigmatic basis for

---

[5] The Court, accordingly, may choose to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Schumacher v. Betta*, No. 22-6167, 2024 WL 3092169, at *3 n.12 (D.N.J. June 21, 2024) ("The decision to retain or decline jurisdiction over state-law claims is discretionary." (quoting *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009)).

general personal jurisdiction over a corporation, that a corporation is "at home" in its state of incorporation and the place where it maintains its principal place of business). Defendant, accordingly, is not subject to general personal jurisdiction in New Jersey. *See id.*

The Court next considers whether Plaintiff has met her burden to establish specific personal jurisdiction over Defendant. The Supreme Court has articulated two tests for specific jurisdiction: (1) the "traditional" test—also called the "minimum contacts" or purposeful availment test, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)); and (2) the so-called "*Calder* effects test," *see Calder v. Jones*, 465 U.S. 783, 787, 787 n.6 (1984). The *Calder* effects test and the traditional test have distinct requirements, and both tests should be considered. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 189-92 (3d Cir. 2024) (explaining that "the effects test . . . require[s] that the tortious actions of the defendant have a forum-directed purpose" whereas "the traditional specific jurisdiction analysis simply requires that the plaintiff's claims arise out of or relate to the defendant's forum contacts").

The traditional test for specific jurisdiction focuses on a defendant's "minimum contacts" with the forum state and entails a three-step analysis. *O'Connor*, 496 F.3d at 317. *First*, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987)). This prong of the analysis requires that the defendant had "minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citation omitted). *Second*, the plaintiff must show its claims "arise out of or relate to" at least one of those contacts or activities. *Marten v. Godwin*, 499 F.3d 290, 296

(3d Cir. 2007) (quoting *Helicopteros*, 466 U.S. at 414). Courts have consistently emphasized that "[f]or the contacts to satisfy the second prong, there must be 'a strong relationship among the defendant, the forum, and the litigation.'" *Hepp*, 14 F.4th at 208 (citation modified). *Third*, even where the foregoing requirements are met, the Court must be satisfied that the exercise of personal jurisdiction "'comports with traditional notions of fair play and substantial justice'" such that "the defendant 'should reasonably anticipate being haled into court' in that forum." *Toys "R" Us*, 318 F.3d at 451 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The alternative test, the "*Calder* effects test," was recognized by the Supreme Court in *Calder v. Jones*, holding that under certain circumstances involving intentional torts, the jurisdictional analysis may focus on a defendant's intention to affect or reach the forum state with its alleged misconduct. 465 U.S. at 789-90. The *Calder* effects test requires a plaintiff to allege:

> (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity . . . .

*Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 500 (D.N.J. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). The *Calder* effects test, as interpreted by the Third Circuit, provides that a defendant's "conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *Marten*, 499 F.3d at 297 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). To assert specific personal jurisdiction, plaintiffs must allege "claim-specific jurisdiction over [d]efendants," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie*, 258 F. Supp. 3d at 499 (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)).

Here, Plaintiff has failed to establish specific personal jurisdiction over Defendant under either test. Under the traditional test, Defendant *has* taken a deliberate act to do business in New Jersey by establishing a branch in the state; however, Plaintiff's claims do not arise out of Defendant's contacts with the State. (*See e.g.*, Ex. B to Doyen Aff. 2; Doyen Aff. 2.) Plaintiff's mortgaged property is in Texas, and Plaintiff's loan originated out of Texas. (*See* Ex. B to Doyen Aff. 2.; *see also* Doyen Aff. 1; *see generally* Doyen Aff. 2.) Defendant's specific contact with New Jersey here, was through the loan servicer that Defendant transferred the servicing of Plaintiff's loan to, that was located in and operated out of New Jersey. (*See* Ex. B to Doyen Aff. 2.; *see also* Doyen Aff. 1; *see generally* Doyen Aff. 2.) This contact does not meet the threshold of "a strong relationship among the [D]efendant, the forum, or the litigation." *Hepp*, 14 F.4th at 208 (citation modified). The same is so under the *Calder* effects test. Here, Plaintiff did not feel the brunt of the alleged harm in New Jersey because all the alleged harm took place in Texas. *See Christie*, 258 F. Supp. 3d at 500. There is nothing alleged in Plaintiff's Complaint that gives rise to an inference that Defendant's conduct and connection with New Jersey would lead Defendant to reasonably anticipate being haled into court in New Jersey. As such, this Court does not have specific personal jurisdiction over Defendant. *Atcom Support LP v. Maria*, No. 15-28, 2016 WL 4118914, at *4 (D. Del. Aug. 1, 2016), *report and recommendation adopted*, No. 15-28, 2016 WL 5867407 (D. Del. Oct. 4, 2016) ("Specific Jurisdiction cannot be met" because the "claim does not arise from [the

defendant's] business in [the forum state].") The Court, accordingly, dismisses Plaintiff's Complaint for lack of personal jurisdiction.[6]

## IV.   CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted, and the Complaint is dismissed with prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: October 31, 2025

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] The Court, additionally, finds that amendment would be futile because it lacks personal jurisdiction over Defendant. *See, e.g.*, *Bennett Regul. Guards, Inc. v. MRC Glob. Inc.*, No. 12-1040, 2013 WL 3365193, at *4 (N.D. Ohio July 3, 2013) (explaining that amendment would be futile because the court did not have personal jurisdiction over defendant); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012) (same); *Nabaya v. Lauck*, No. 23-2650, 2024 WL 687967, at *4 (D.D.C. Feb. 16, 2024), appeal dismissed, No. 24-5048, 2024 WL 2790390 (D.C. Cir. May 30, 2024); *Rowe v. SCI-Albion*, No. 20-2032, 2021 WL 11133147, at *3 (M.D. Pa. Mar. 15, 2021), *report and recommendation adopted*, No. 20-2032, 2021 WL 11133358 (M.D. Pa. May 6, 2021), *aff'd on other grounds sub nom. Rowe v. Superintendent of SCI-Albion*, No. 21-1996, 2022 WL 4363822 (3d Cir. Sept. 21, 2022) (recommending that plaintiff's leave to amend be denied as futile because the court lacked jurisdiction).